TOWNSHIP OF WASHINGTON, MORRIS COUNTY, NEW JERSEY, PLAINTIFF-RESPONDENT, v. LEONARD O. GOULD, DEFENDANT-APPELLANT.

Argued February 4, 1963—Decided April 1, 1963.

528

*Mr. Lewis Stein* argued the cause for the defendant-appellant (*Mr. Milford Salny,* attorney; *Mr. Lewis Stein* on the brief).

*Mr. Ralph Porzio* argued the cause for the plaintiff-respondent (*Mr. Myron J. Bromberg* on the brief).

The opinion of the court was delivered by

PROCTOR, J. The defendant Gould, an operator of a trailer park within the plaintiff Township of Washington (Township), was convicted in the municipal court of violating the Township's zoning ordinance by unlawfully expanding his trailer park, a nonconforming use under the ordinance. After a trial *de novo,* the conviction was affirmed by the Morris County Court. On appeal, the Appellate Division affirmed the conviction below, holding that the total exclusion of trailer parks by the zoning ordinance was constitutional. The defendant appeals to this court pursuant to *R. R.* 1:2-1(a).

The defendant is the owner of a tract of land comprising 44.7 acres in the Township, on which he began construction of a trailer park in 1955. At that time, the Township had no zoning ordinance. The trailer park was opened for business early in July 1957, and the first two trailers were installed on July 3 of that year.

On July 11, 1957 the Township adopted a comprehensive zoning ordinance which totally excluded trailer parks from the municipality. On July 23, 1957 two more trailers were installed on the defendant's property. Shortly thereafter, the Township instituted a civil action in the Chancery Division of the Superior Court seeking to restrain the defendant from operating his trailer park in violation of the ordinance. See *N. J. S. A.* 40:55-47. In his answer the defendant denied the alleged violation and counterclaimed for a declaratory judgment that the ordinance was unconstitutional to the extent that it totally excluded trailer parks from the Township. The relief requested in the counterclaim was that the

ordinance be declared invalid either "in its entirety" or so far as it prohibited trailer parks on the defendant's premises. In addition, ancillary injunctive relief was sought to restrain enforcement of the ordinance against the defendant's use of his property for trailer park purposes.

At the pretrial conference in November 1957, the parties agreed that the issue of whether the ordinance was invalid should be disposed of prior to trial. Accordingly, briefs and a stipulation of facts for purposes of the argument on that issue were presented to Judge Stanton in March 1958. The stipulation set forth the population and character of the Township and a description of the defendant's property and the neighboring lands. Aerial photographs and the zoning map were also submitted. After argument, Judge Stanton held that "upon the facts in the case" the ordinance was "not invalid because of the exclusion of trailer parks," and on June 24, 1958 he entered an order to that effect.

After the commencement of trial on the remaining issues raised by the pleadings, the matter was settled by a stipulation of the parties which was recorded in open court on November 17, 1958. In accordance with this stipulation, a final consent judgment with prejudice was entered on December 5, 1958. That judgment in pertinent part provided:

"1. The trailer park presently operated by the defendant, Leonard O. Gould, on Route 24, Washington Township, Morris County, New Jersey, shall henceforth be treated and considered as a non-conforming use under the presently existing zoning ordinance of the Township of Washington, and this non-conforming use shall be such to the extent of 35 spaces for the use of 35 trailers on the defendant's property.

2. There shall be no expansion of this non-conforming use except as provided by law and except by application through local officials or agencies in accordance with the zoning ordinance of the Township of Washington.

3. The operation of the trailer park as herein specified shall be subject to reasonable regulation by the municipality under State Law and as provided by local ordinance presently existing or to be adopted in the future.

4. The various claims and counterclaims of the parties against each other raised by virtue of the pleadings and pretrial order are

hereby abandoned and dismissed with prejudice and without costs to any of the parties."

About a year later, on December 10, 1959, the Township's building inspector filed a complaint in the municipal court of the Township, charging that on October 8, 1959, the defendant violated the zoning ordinance of the Township by extending "a non-conforming use and/or structure by increasing the number of trailer coach spaces beyond the number of 35 and by installing or permitting to be installed more than 35 trailer coaches * * *." A summons and complaint were served upon the defendant and, after a hearing, the municipal court found the defendant guilty and fined him $25.

The defendant appealed to the county court which held a trial *de novo* on April 1, 1960, wherein the defendant asserted by way of a defense that the zoning ordinance was unconstitutional insofar as it prohibited trailer parks from being operated anywhere in the Township. A proffer of testimony was made by the defendant to show the nature, size and characteristics of the Township and of the defendant's land in support of that contention, but the trial judge sustained the Township's objection based on the ground that "there is an estoppel by judgment, that the defendant here is bound by the terms of that judgment" (referring to the above-quoted Chancery Division judgment). At the end of the trial, the county court found from the evidence that the defendant had unlawfully extended his non-conforming use by placing 40 trailers on his property. It therefore found the defendant guilty of violating the ordinance as charged and fined him $25.

On the defendant's appeal to the Appellate Division, the court deferred its decision after oral argument until the judgments of this court in *Vickers v. Tp. Com. of Gloucester Tp.,* 37 *N. J.* 232 (1962), and *Hohl v. Readington Tp.,* 37 *N. J.* 271 (1962), were published. Thereafter, the Appellate Division requested and received from the defendant a proffer of proof, in affidavit form, setting forth whatever facts the

defendant could establish at trial to sustain his attack on the constitutionality of the ordinance in the light of the *Vickers* and *Hohl* cases. The Township was permitted to file an answering affidavit. In affirming the defendant's conviction, the Appellate Division found it unnecessary to decide whether the county court was correct in barring the evidence proffered by the defendant to show the unconstitutionality of the ordinance, saying:

"Even assuming that evidence would be adduced at a trial to establish the facts alleged in his [defendant's] affidavit, such proof would not bring the challenged provision in the Township of Washington ordinance beyond the purview of a reasonable exercise of the municipal zoning power, as now sanctioned by the *Vickers* and *Hohl* decisions."

The court said that its decision was reached, "exercising our original fact-finding jurisdiction on the basis of the record as amplified by the additional affidavit of the defendant."

On his appeal to this court, the defendant argues that he is not estopped from challenging the ordinance's constitutionality in the present proceedings. He further contends that the provision of the ordinance "which excludes trailer parks everywhere within the Municipality is unreasonable and unconstitutional," and that the Appellate Division abused its discretion in deciding the issue on affidavits alone, rather than remanding for a plenary hearing.

In the Chancery action, the defendant sought a declaratory judgment determining that the ordinance was invalid and unreasonable because of its prohibition of trailer parks. The court entered an order holding that the ordinance was valid. That order became final upon the entry of the judgment by consent with prejudice on December 5, 1958, which terminated the litigation between the parties. The basis of the consent judgment, in the light of the stipulation that the defendant's use was nonconforming to the extent of 35 trailer spaces, was the acceptance by the defendant of the interlocutory order declaring the ordinance valid. Such acceptance

was articulated by the abandonment with prejudice of the claim of unconstitutionality.

 One of the important purposes of the Declaratory Judgments Act (*N. J. S.* 2A:16–50 *et seq.*) is to afford an opportunity for a person "whose rights, status or other legal relations are affected by a * * * municipal ordinance" to have determined "any question of construction or validity arising under the * * * ordinance." *N. J. S.* 2A:16–53; cf. *Blackman v. Iles,* 4 *N. J.* 82, 87–88 (1950). Such a declaration has the force and effect of a final judgment, *N. J. S.* 2A:16–59, and is binding between the parties in subsequent actions. *Restatement, Judgments,* § 77 (1942). It is well-settled that where a judgment of a court of competent jurisdiction directly determines a right, question or fact distinctly put in issue, such judgment estops the parties or their privies from thereafter relitigating the same issue in a subsequent proceeding between them, regardless of its nature or form. *Southern Pacific R. Co. v. United States,* 168 *U. S.* 1, 48–49, 42 *L. Ed.* 355, 377 (1897); *Robinson-Shore Development Co. v. Gallagher,* 26 *N. J.* 59, 67 (1958); *N. J. Highway Authority v. Renner,* 18 *N. J.* 485, 493–494 (1955); *Hancock, Comptroller v. Singer Mfg. Co.,* 62 *N. J. L.* 289, 339–340 (*E. & A.* 1898); *Restatement, supra,* § 68; Scott, "Collateral Estoppel by Judgment," 56 *Harv. L. Rev.* 1, 2–3 (1942); 30A *Am. Jur., Judgments,* § 371, *pp.* 411–415 (1958); Annotation, 147 *A. L. R.* 991, 996–997 (1943).

██ Of course, such an estoppel extends only to such facts and conditions as existed at the time the prior judgment was rendered, and would not bar relitigation where, after the rendition of the judgment, events or conditions arise which create a new legal situation or alter the rights of the parties. *Lasasso v. Lasasso,* 1 *N. J.* 324, 328 (1949); 30A *Am. Jur., Judgments,* § 335, *pp.* 379–380 (1958). However, the defendant in his proffer of proof before the county court did not allege that there had been any new facts or circumstances arising subsequent to the Chancery judgment which would cause the rights or relations of the parties to differ from those

adjudicated in the prior action. Moreover, we have considered the defendant's affidavit, which he submitted at the request of the Appellate Division, as an amplification of his proffer of proof before the county court, and it contains no suggestion that any material facts or circumstances have changed since the rendition of the Chancery judgment.

The defendant does not contend that our recent decisions in *Vickers* and *Hohl* changed the law governing the validity of zoning ordinances which exclude trailer parks. Rather, he emphasizes the principle affirmed in those decisions that each case requires an examination of all the facts and circumstances relevant to the reasonableness of the exclusion in question. However, this principle of reasonableness under all of the circumstances is certainly not new; indeed, it has always been the guide for judicial review of the validity of land use restrictions under the zoning power. The defendant had full opportunity to present the issue of the ordinance's validity in the light of the above principle before the Chancery Division. The order of that court, based as it was on an examination of the law and the facts, and supplemented by the consent judgment, estops him from relitigating the constitutionality of the ordinance. *Cf. Iannella v. Johnson,* 136 *N. J. L.* 514 (*Sup. Ct.* 1948), affirmed o. b. 137 *N. J. L.* 659 (*E. & A.* 1948), appeal dismissed 336 *U. S.* 932, 93 *L. Ed.* 1092 (1949); *Home Fuel Oil Co. v. Glen Rock,* 118 *N. J. L.* 340 (*Sup. Ct.* 1937).

Notwithstanding the above, the defendant argues that as the present case involves an alleged violation of a zoning ordinance it is essentially criminal in nature; that the Chancery judgment, having been rendered in a civil action, is "inadmissible as proof of any facts determined by such judgment" in a subsequent criminal proceeding; and that the county court erred in "finding that the judgment in the former acted as an estoppel in the latter." He cites *State v. Sharkey,* 73 *N. J. L.* 491 (*Sup. Ct.* 1906), and *State v. West,* 29 *N. J.* 327 (1959). Those cases are inapplicable. In both, a civil judgment had been entered against the defendant

based on a resolution of factual issues. In a later criminal proceeding, the judgment was held inadmissible as proof of facts relating to the issue of guilt, because of the higher degree of proof required in a criminal proceeding from that upon which the civil judgment was based. In the present case, the question of the ordinance's constitutionality does not relate to the issue of the defendant's guilt which must be proven beyond a reasonable doubt; rather it arises by way of affirmative defense and the defendant has the burden of overcoming the presumption of constitutionality by showing clearly that the ordinance is arbitrary or unreasonable. *State v. Mundet Cork Corp.,* 8 *N. J.* 359, 370–371 (1952). Hence, there was no difference between the two proceedings in the degree of proof required on the issue of the ordinance's constitutionality.

The defendant also relies on *Bd. of Health, Weehawken Tp. v. N. Y. Central R. Co.,* 10 *N. J.* 294, 302 (1952), where it was said:

"Any defendant in a criminal proceeding is completely free and has the right not only to raise in his defense any questions of law or fact which he did not raise, whether by inadvertence or design, in a previous prosecution for a different violation of the same law, but also to reassert, for what they may be worth, any defenses upon which he previously relied whether decided favorably or adversely to him."

In the above case it appeared that the defendant had been previously convicted of violating a municipal "smoke" ordinance. On appeal from that conviction, it argued that the ordinance was unconstitutional because it was *ultra vires,* unreasonable and discriminatory, and that the enabling statute was lacking in sufficient standards. In upholding the conviction, this court decided each of these issues against the defendant. *Bd. of Health of Weehawken Tp. v. N. Y. Central R. Co.,* 4 *N. J.* 293 (1950). In 1951 new complaints were filed by the Board of Health against the same defendant, charging subsequent violations of the same ordinance. The defendant was convicted and, on appeal to this court, con-

tended that the ordinance was unconstitutional because it deprived it of its right to indictment and trial by jury. The plaintiff Board of Health contended that the defendant was barred from raising this issue on principles of *res judicata* and *stare decisis*. This court rejected the theory of *res judicata* on the ground that a judgment in one criminal proceeding does not bar either the prosecution or the defense of subsequent charges based upon new violations of the ordinance, since the causes of action are not the same. The court further held that the doctrine of *stare decisis* did not compel a decision holding the ordinance valid, because the question concerning the defendant's right to indictment and trial by jury was neither briefed and argued on the prior appeal nor passed upon in the court's decision. In the above-quoted language, the court was concerned only with the doctrine of *res judicata*. This is made clear by the language immediately preceding the quoted portion:

"The doctrine of *res judicata*, however, is plainly not applicable for this is an entirely different proceeding involving fresh violations of the ordinance. Our decision rendered on the defendant's appeal from its prior convictions is no more a bar now to its defense than to its prosecution."

The doctrine of collateral estoppel was never considered by the court, and indeed, it would not have been applicable since the question of the defendant's right to indictment and trial by jury was never put in issue or passed upon by the court in the prior proceeding. Surely, if the first Weehawken case had held that the smoke ordinance was unconstitutional, the court in the second case would not have permitted the Board of Health to harass the defendant with another prosecution under the same ordinance. See Scott, *supra,* 56 *Harv. L. Rev.,* at *pp.* 7–10; Annotation, *supra,* 147 *A. L. R.,* at *pp.* 992–994.

Unless the present parties are bound by the determination of the Chancery Division that the ordinance's exclusion of trailer parks is constitutional, that question could never be

set at rest between them, for the defendant could time after time vex the Township and the courts by relitigating the same issue every time the Township attempted to enforce the ordinance against him. *Cf. Hancock, Comptroller v. Singer Mfg. Co., supra,* at *p.* 340. We hold, therefore, that in the circumstances the defendant is estopped from challenging the constitutionality of the ordinance's exclusion of trailer parks from the Township.

In view of the above disposition of the case, it is unnecessary to pass upon the defendant's contention that the Appellate Division abused its discretion in not remanding the matter for a plenary trial.

The judgment of the Appellate Division is affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.