PER CURIAM.
In this appeal from real property assessments, the taxpayer violated R. 8:6-l(b)(l)(ii). The rule requires that, in cases where no pretrial conference is held, a copy of the appraisal report of an evaluation expert must be furnished an adversary ten days prior to the date of trial. In the present case, the taxpayer’s expert’s report was provided on the day of trial. The City moved to suppress the report and the expert’s testimony and the court, noting that this was the second preemptory trial listing for the case, the third listing overall, granted the motion. In the absence of proof to support the taxpayer’s challenge to the assessment, judgment was entered in favor of the City. Thereafter, the court denied the taxpayer’s motion for reconsideration.
The taxpayer appeals and we affirm. We perceive no basis to interfere with the trial court’s discretion in this matter. It was the second preemptory trial listing and the taxpayer’s violation of the rule was egregious. Moreover, no adequate explanation for the default was provided by the taxpayer on the original trial date or in the documents submitted in support of the taxpayer’s motion for reconsideration.
Affirmed.