HAMILL, J.T.C.
This is a motion to dismiss the complaint pursuant to N.J.SA 54:51A-l(c) for failure to prosecute at the county board of taxation.
Plaintiff Jepson Refrigeration Corporation appealed its 1995 local property tax assessments on seven contiguous lots in the City of Trenton. Although at least two of the assessments far exceeded the $750,000 threshold, Jepson chose to file its appeals with the Mercer County Board of Taxation rather than direct with the Tax Court as it could have done under N.J.SA 54:3-21. The county board scheduled a hearing on the seven parcels for July 25, 1995. (The Board was able to schedule the hearing this late because the Tax Court had granted an extension of the three month hearing period to September 15, 1995. Without the extension, the three month period would have expired on July 1, 1995. See N.J.S.A 54:3-26.1.) Approximately one week before the scheduled hearing, plaintiffs counsel requested either an adjournment or an affirmance without prejudice because plaintiffs appraisal report would not be completed in time for the hearing. The assessor consented to the adjournment, and the board rescheduled the hearing for August 29,1995.
On July 21, plaintiffs counsel dismissed its appraiser and hired a second appraiser for the August 29 hearing.
Although the board’s rules require that an appraisal report which a party intends to use at a hearing be furnished to the opposing party at least one week prior to the hearing, plaintiff did not submit its appraisal report until the day of the adjourned hearing, i.e. August 29. See N.JAC. 18:12A-1.9(h). Jepson and the city were able to reach agreement on two of the seven parcels on the day of the hearing, but plaintiff rejected the city’s offer of settlement on the other five parcels and proceeded to the hearing.
*470 At the hearing, plaintiff requested a further adjournment or a dismissal without prejudice. The city objected and moved to dismiss the appeals for failure to comply with the board’s rule that appraisal reports be supplied at least seven days prior to the hearing.[1] The board granted the city’s motion, and plaintiff appealed to the Tax Court.
N.J.S.A 54:51A-l(c) provides in part:
If the tax court shall determine that the appeal to the county board of taxation has been ... (2) dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county board .... there shall be no review. This provision shall not preclude a review by the tax court in the event that the appeal was “dismissed without prejudice” by the county board of taxation.
As recently pointed out by Judge Kuskin, the Tax Court “has the authority to review a county board of taxation dismissal for failure to prosecute.” Pipquarryco, Inc. v. Hamburg Bor., 15 N.J. Tax 413, 416 (Tax 1996). As set forth in Veeder v. Berkeley Tp., 109 N.J.Super. 540, 546, 264 A.2d 91 (App.Div.1970), and as reiterated in Pipquarryco, Inc., supra, the standard for whether the county board has properly dismissed an appeal for failure to prosecute is whether “the conduct of the offending party is deliberate.” In Veeder, the Appellate Division concluded that the county board’s dismissal of an appeal where plaintiffs counsel arrived fifteen minutes late for the hearing was not a proper basis for dismissing the appeal for lack of prosecution. The court noted that the hearing had been scheduled well within the three-month period allowed for appeals and that the board had advanced no reason why it declined to reschedule the hearing. Veeder, supra, 109 N.J.Super. at 546, 264 A.2d 91.
As distinct from Veeder, the facts here suggest a “deliberate” course of action on plaintiffs part. With the purpose of obtaining a quick resolution of its case, plaintiff deliberately chose to file with the county board although it had no obligation to do so and then failed to abide by the county board’s rule that an appraisal report be submitted at least seven days prior to the *471 hearing. N.J.A.C. 18:12A-1.9(h). Having obtained a liberal five week adjournment of the first hearing date, plaintiff was still not ready on the adjourned date. That date, August 29, was only two weeks prior to the date on which the county board would lose jurisdiction to hear appeals. Plaintiff suggests that the board could have granted a further adjournment, but that its unrealistic. The reason that the board was granted an extension of the three month hearing period was the number of appeals pending before it. N.J.S.A. 54:3-26.1.
As distinct from Pipquarryco, the board in this case did grant an adjournment of the first hearing date and thus did afford plaintiff “a fair opportunity to be heard.” Pipquarryco, Inc., supra, 15 N.J. Tax at 417. Unlike the situation here, the hearing in Pipquarryco was scheduled for May 10, well within the three month hearing period. While I agree with the result in Pipquar-ryco, absent extraordinary circumstance not present here, I do not think that a second, third, or fourth adjournment is required by Veeder or Pipquarryco.
The facts of this case are not unlike those in Hudson Motor Lodge, Inc. v. Jersey City, 15 N.J.Tax 178 (App.Div.1995). There, the Appellate Division sustained the Tax Court’s dismissal of the complaint where, on the seeond peremptory trial date, plaintiff produced its expert’s report. The court found that the plaintiffs violation of the applicable Tax Court rule was “egregious” and that no adequate explanation for the default had been provided by the taxpayer. Id. at 179. The short period for hearing county board appeals and the imminent expiration of that period in this case create a situation analogous to a peremptory trial date. Moreover, plaintiffs explanation for failing to be ready on the adjourned hearing date is inadequate. During argument on the motion, plaintiffs counsel offered the explanation that the second appraiser simply could not complete the work in time due to other projects. Given the five week adjournment from July 25 to August 29 and the fact that the board’s time in which to hear appeals was about to expire, the explanation does not excuse the late submission of plaintiffs appraisal report.
*472 Plaintiff suggests that the board could have dismissed the appeal without prejudice, thereby permitting plaintiff to appeal to the Tax Court. N.J.S.A. 54:51A-1(c) (last sentence). Under the facts presented here, the board was not obliged to dismiss withoht prejudice. Plaintiff had voluntarily elected to proceed at th'e county board although it had no obligation to do so because at least two of the contiguous parcels had assessments exceeding $750,000. N.J.S.A 54:3-21. If the county boards are to hear cases in a “meaningful manner,” thereby relieving the Tax Court of a “substantial burden of cases,” VSH Realty, Inc. v. Harding Tp., 14 N.J.Tax 379, 384-85 (Tax 1994), appeal docketed, No. A1823-94T2 (App.Div. Dec. 12, 1994), they should not unthinkingly grant dismissals without prejudice at the behest of appealing taxpayers. If a county board were required to dismiss without prejudice under these circumstances or to grant a further adjournment, one might as well conclude that N.J.AC. 18:12A-1.9(h) is meaningless.
In upholding the board’s dismissal for failure to prosecute, I am well aware of decisions stating that a court’s “paramount duty [is] to administer justice in the individual case” rather than to move cases on its calendar; See, e.g., Rutherford Realty Assocs. v. Rutherford Bor., 277 N.J.Super. 347, 353, 649 A.2d 898 (App.Div.1994) (quoting Audubon Volunteer Fire Co. No. 1 v. Church Constr. Co., 206 N.J.Super. 405, 406-07, 502 A.2d 1183 (App.Div.1986)). This case is distinguishable on its facts, and, based on those facts, falls more appropriately under the ruling in Hudson Motor Lodge, Inc. v. Jersey City, supra As indicated previously, this was not a first hearing date but an adjourned date, fixed five weeks after the first hearing. Given the liberal adjournment and the imminent loss of jurisdiction by the board, plaintiffs failure to abide by the board’s rules was egregious. Moreover, the board had no other sanction to impose; it had no authority to impose fees and costs. A dismissal without prejudice would have given the taxpayer the right to proceed before the Tax Court after having flaunted the rules of the county board.
*473 Additionally, it is not so clear that justice in the individual case is rendered when a taxpayer is permitted to repeatedly ignore the time constraints imposed on the appeal of local property tax cases. Unlike private party litigation, a municipal government (the usual defendant in a local property tax case) represents the other taxpayers of the taxing district. The municipality and these other taxpayers have an interest in the prompt resolution of local property tax disputes. Our Supreme Court has recognized the significance of this governmental interest. In the context of a Chapter 91 (N.J.S.A. 54:4-34) appeal in which the taxpayer’s cause of action had been dismissed for failure to timely supply the requisite income information, the Court stated:
[T]he governmental interest involved is significant, i.e„ the timely receipt of economic information necessary for an accurate valuation of the property, an interest that clearly outweighs the private interest involved.[2]
[Ocean Pines, Ltd. v. Point Pleasant Bor., 112 N.J. 1, 10. 547 A.2d 691 (1988) (footnote added).]
Similarly here, the governmental interest in the prompt, timely resolution of local property tax disputes outweighs a taxpayer’s interest in challenging the assessment.
Finally, although a dismissal with prejudice is the ultimate sanction, in the context of local property tax appeals such a dismissal does not have the resounding finality that it does in other litigation. A local property taxpayer appealing the assessed value of property has a perpetually renewable cause of action. Since each tax year is a separate cause of action, res judicata does not bar the annual relitigation of local property tax assessments. Hasbrouck Heights Bor. v. Division of Tax Appeals, 54 N.J.Super. 242, 248, 148 A.2d 643 (App.Div.1959). Collateral estoppel may apply in a local property tax case where an issue such as qualification for farmland assessment has been determined for one year and that determination is pertinent to qualifying for farmland assessment in a subsequent year. See Gottdiener v. Roxbury Tp., 2 N.J. Tax 206, 215-16 (Tax 1981). Collateral estoppel does not *474 apply, however, unless “a court of competent jurisdiction directly determines a right, question or fact distinctly put in issue----” Washington Tp. v. Gould, 39 N.J. 527, 533, 189 A.2d 697 (1963). Where, as here, plaintiffs case was dismissed by the county board, no court of competent jurisdiction has determined the value of plaintiffs property. Thus, plaintiff is not estopped from litigating the issue of value in a subsequent year. Moreover, “[collateral] estoppel extends only to such facts and conditions as existed at the time the prior judgment was rendered, and would not bar relitigation where, after the rendition of the judgment, events or conditions arise which create a new legal situation or alter the rights of the parties.” Ibid. The “facts and conditions” pertaining to the valuation of local property change from year to year, and thus local property taxpayers can, and many do, appeal their assessments year after year. As a result, the dismissal of one year’s tax appeal on procedural grounds does not have the finality of a dismissal on procedural grounds of, for instance, a personal injury or a contract action. This is not to belittle the possible loss of a year’s tax refund and the cost of another appeal, but these costs cannot be equated with the irretrievable loss of a one-time cause of action.
For the above reasons, the judgment of the Mercer County Board of Taxation dismissing plaintiffs appeal for failure to prosecute is affirmed.

A dismissal or affirmance without prejudice would have permitted plaintiff to proceed to the Tax Court. N.J.S.A. 54:51 A-1(c).

 The "private interest involved” is the taxpayer's ability to challenge an allegedly erroneous assessment.