**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4005-16T4

WELLS FARGO BANK, N.A.,

     Plaintiff-Respondent,

v.

JAMES L. CHAMBERS, JR.
and MARITZA A. CHAMBERS,
his wife, each of their heirs,
devisees and personal
representatives, and his, her, their
or any of their successors in right,
title and interest,

     Defendants-Appellants,

and

CACH OF NJ LLC and MIDDLESEX
COUNTY BOARD OF SOCIAL
SERVICES,

     Defendants.

_____

Argued October 1, 2018 – Decided November 20, 2018

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-032670-14.

James L. Chambers, Jr., appellant, argued the cause pro se.

David G. Murphy argued the cause for respondent (Reed Smith LLP, attorneys; Henry F. Reichner, of counsel and on the brief).

PER CURIAM

Defendants James L. Chambers, Jr. and Maritza A. Chambers appeal from the trial court's denial of their motion to vacate final judgment. We affirm, substantially for the sound reasons expressed in Judge Paula T. Dow's March 31, 2017 written opinion. We add only the following comments.

On November 12, 2007, defendants executed a note to Wells Fargo Bank, N.A. ("Wells Fargo") for $417,000. To secure payment of the note, defendants granted Wells Fargo a purchase-money mortgage on the property located in Florence, New Jersey. In connection with the mortgage, defendants executed Truth in Lending Disclosure Statements. Wells Fargo retained physical possession of the note.

On January 10, 2014, defendants and Wells Fargo executed a Home Affordable Modification Agreement (hereafter referred to as "HAMA" or

"HAMP modification"), which decreased defendants' monthly payments and increased the number of years defendants had to pay the loan.

On February 1, 2014, defendants defaulted on the mortgage and never cured the default. Wells Fargo instituted this action on August 7, 2014.

On January 23, 2015, defendants sent a "Notice of Rescission/Cancellation" to Wells Fargo. On May 29, 2015, after hearing oral argument, the Honorable Karen L. Suter, P.J.Ch. granted summary judgment in favor of Wells Fargo.

On September 18, 2015, defendants filed a complaint in the District Court of New Jersey against Wells Fargo. Defendants alleged that Wells Fargo violated the Truth in Lending Act ("TILA"), and requested that the District Court enforce their attempted January 23, 2015 rescission. On June 28, 2016, the Honorable Jerome B. Simandle issued an opinion in which he dismissed defendants' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). He ruled that defendants' TILA claims were barred by the statute of limitations, that defendants could not rescind their mortgage because it was purchase-money mortgage, and that the HAMP modification executed by defendants and Wells Fargo did not amount to a refinancing of the mortgage. The Court of Appeals for the Third Circuit affirmed the District Court rulings in

<u>Chambers v. Wells Fargo Bank, N.A.</u>, 726 Fed. Appx. 886 (3d Cir. 2018) on March 9, 2018.

On appeal, defendants first challenge the trial court's denial of their rescission claim under TILA, 15 U.S.C. § 1635. Appellate courts do not afford "any special deference" to a "trial court's interpretation of the law and the legal consequences that flow from established facts[.]" <u>Manalapan Realty, LP v. Twp. Comm. of Twp. of Manalapan</u>, 140 N.J. 366, 378 (1995) (citing <u>State v. Brown</u>, 118 N.J. 595, 604 (1990)).

Initially, we note that defendants' TILA rescission claims are barred by collateral estoppel based on their parallel case brought in the District Court of New Jersey. "Collateral estoppel is that branch of the broader law of res judicata which bars relitigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action." <u>State v. Gonzalez</u>, 75 N.J. 181, 186-87 (1977) (citations omitted). It applies to questions of law if "the claims arise from the same transaction, or 'if injustice would result.'" <u>Id.</u> at 187 (citing <u>Washington Twp. v. Gould</u>, 39 N.J. 527 (1963)). For collateral estoppel to apply,

> the party asserting the bar must show that:
> (1) the issue to be precluded is identical to the issue decided in the prior proceeding;
> (2) the issue was actually litigated in the

prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding."

[Sacharow v. Sacharow, 177 N.J. 62, 76 (2003) (quoting In re Estate of Dawson, 136 N.J. 1, 20-21 (1994)).]

Here, the parties in the District Court case are the same as the current parties. The issue of defendants' rescission rights under Section 1635 of TILA was actually litigated in the District Court. On June 28, 2016, the District Court of New Jersey held that defendants' rescission claim failed. While defendants' appeal of Judge Innes's grant of final judgment was pending, the Third Circuit Court of Appeals affirmed the District Court's rulings. Thus, all of defendants' arguments stemming from their attempted TILA rescission have already been fully litigated both in the District Court of New Jersey and in the Superior Court; and defendants' rescission claim is barred by collateral estoppel. See Sacharow, 177 N.J. at 76 (quoting In re Estate of Dawson, 136 N.J. 1, 20-21 (1994)).

Even if defendants' claims were not barred by collateral estoppel, they would still be substantively meritless. TILA specifically exempts "residential

A-4005-16T4

mortgage transactions as defined in section 1602(w) of this title"[1] from rescission rights. Id. § 1635(e). The Act defines "residential mortgage transactions" as "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Id. § 1602(x). Here, the competent evidence in the record confirms that the mortgage was a purchase-money mortgage. Thus, defendants' mortgage was not eligible for rescission under 15 U.S.C. § 1635.

Additionally, TILA implements a three-year statute of limitations for rescission. Id. § 1635(f). See also Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. ___, 135 S. Ct. 790, 792 (2015) (affirming that the right a borrower has to rescission expires three years after the closing of the loan, in accordance with § 1635(f)); Beach v. Ocwen Fed. Bank, 523 U.S. 410, 419 (1998). Here, the original mortgage closed on November 12, 2007. Defendants sent their notice of rescission on January 23, 2015. Thus, the rescission is barred by TILA's three-year statute of limitations. 15 U.S.C. § 1635(f).

TILA disclosures are required to be provided before credit is extended. 15 U.S.C. § 1638(b)(1); 12 C.F.R. § 1026.17(b); Bartholomew v. Northampton Nat'l Bank of Easton, 584 F.2d 1288, 1296 (3d Cir. 1978). After credit is

---

[1] The definition is listed at § 1602(x), rather than § 1602(w).

A-4005-16T4

initially extended, disclosures need to be provided again if the credit is refinanced. 12 C.F.R. § 1026.20(a). "A refinancing occurs when an existing obligation that was subject to this subpart is satisfied and replaced by a new obligation undertaken by the same consumer." Id.

The HAMP modification was executed in January 2014. The modification specifically stated that the original note and mortgage remained in effect, and that the original note and mortgage were not satisfied or released. Thus, the HAMP modification does not constitute a refinancing of the original mortgage. 15 U.S.C. § 1638(b)(1).

Defendants also challenge the trial court's grant of summary judgment in favor of Wells Fargo. The standard of review for a grant of summary judgment is de novo. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). Thus, "summary judgment will be granted if there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Ibid. (citing Templo Fuente, 224 N.J. at 199). The standard requires that summary judgment be denied unless the opposing party comes forward with evidence that creates a genuine issue of material fact. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995). However, "conclusory

and self-serving assertions by one of the parties are insufficient to overcome [a summary judgment] motion." Puder v. Buechel, 183 N.J. 428, 440-41 (2005) (citing Martin v. Rutgers Cas. Ins. Co., 346 N.J. Super. 320, 323 (App. Div. 2002)).

"[T]he only issues in a foreclosure action are the validity of the mortgage, the amount of the indebtedness, and the right of the. . . mortgagee to resort to the mortgaged premises." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 112-13 (App. Div. 2016) (quoting Sun NFL Ltd. P'ship v. Sasso, 313 N.J. Super. 546, 550 (App. Div. 1998)). Wells Fargo established the validity of the mortgage by providing a copy of the original note, a copy of the original mortgage, and the certification of Andrea Kruse, which certified that Wells Fargo was in possession of the original note at the time the complaint was filed. The original note established that in the event defendants defaulted on their mortgage payments, Wells Fargo would have the right to foreclose on the property. Defendants defaulted on their mortgage payments in February 2014 and did not cure the default. Thus, Wells Fargo established a prima facie foreclosure case. See Curcio, 444 N.J. Super. at 112-13.

For these reasons, we affirm the trial court's grant of summary judgment.

Defendants' remaining arguments have insufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4005-16T4