**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4089-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VINCENT URBANK,

    Defendant-Appellant.

_____

Submitted May 1, 2019 — Decided May 14, 2019

Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 17-19.

Vincent Urbank, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Vincent Urbank appeals from an April 27, 2018 order that denied defendant's municipal court appeal. We affirm, but remand to the Law Division judge to enter a judgment to reflect a de novo conviction, rather than a "denial" of defendant's appeal from his conviction in the municipal court.

We take the following facts from the record. In August 2016, Brenda Munson, Housing and Property Inspector for the Township of Toms River, responded to a complaint from defendant's tenant regarding the condition of defendant's property. Upon inspection, Munson observed a variety of conditions on the property, including: an inoperable vehicle with flat tires, a Bobcat tractor, a utility trailer, a blue tarp covering multiple items and appliances, a pile of fence and debris, and an upside-down boat. She reported the property to be in overall poor condition and overgrown with weeds. Munson photographed the property and authenticated her photos by signing and dating them.

The Township sent defendant a notice of violation giving him until September 29, 2016, to remedy the condition of the property. However, when Munson returned to re-inspect the property on October 25, 2016, she observed its condition remained unchanged. As a result, the Township issued formal complaints against defendant the same day for violation of municipal ordinance § 481-1 of the Toms River Township Administrative Code (Code), for failure to

remove an unregistered or inoperable vehicle from his property, and violation of § 302.1 of the <u>International Property Maintenance Code</u>, for failure to maintain his exterior property in a safe and sanitary condition.

Municipal ordinance § 481-1 of the Code provides:

> No person . . . shall hereafter store or permit or suffer to be stored upon any lands within the Township of Toms River any motor vehicle which is not capable of being used or operated or which is not currently registered with the State of New Jersey or other state, unless said motor vehicle is garaged, except that the foregoing shall not apply to any person . . . holding a valid license to carry on, maintain or establish any motor vehicle business, motor vehicle junkyard or who shall possess a state license to sell secondhand motor vehicles.

> TOMS RIVER, N.J., ADMIN. CODE § 481-1 (2008).

The Code also adopted the <u>International Property Maintenance Code</u> as its regulatory standard for the maintenance of housing and property. <u>See</u> TOMS RIVER, N.J., ADMIN. CODE § 335-1 (2008). The relevant provision reads: "Sanitation. All exterior property and premises shall be maintained in a clean, safe and sanitary condition. The occupant shall keep that part of the exterior property which such occupant occupies or controls in a clean and sanitary condition." <u>International Property Maintenance Code</u> § 302.1 (2006).

At an initial appearance in municipal court, defendant claimed the Township selectively enforced its ordinances in a discriminatory manner, and filed motions to subpoena a neighbor and members of the Toms River Police Department in an effort to prove his claims. The court denied defendant's motions and his motions for reconsideration.

Subsequently, the municipal court tried the matter. Munson, defendant, and his tenant testified. The court found defendant guilty of failing to remove an unregistered or inoperable vehicle from his property, and failing to maintain his exterior property in a safe and sanitary condition. The municipal court judge stated:

> It is clear from looking at the pictures . . . . With regard to . . . failing to remove the unregistered/inoperable vehicles from the property, we have the testimony that the [vehicle] had a flat tire. There was also testimony as to a Bobcat or a similar tractor, as well, on the property. I'm looking at the photograph . . . . The [vehicle] clearly has at least one flat tire. It clearly had been in place for some two months since the [n]otice of [v]iolation went out on August 25th. The property was in the same condition on October 25th. So the vehicle, there was at least one vehicle for at least two months in an inoperable condition.
>
> . . . [T]he State has proven guilt beyond a reasonable doubt [by] virtue of the . . . credible testimony of . . . Munson and the pictures have been presented into evidence.

With regard to the second summons . . ., which alleges a violation of the [o]rdinance . . . prescrib[ing] that all exterior property and premises shall be maintained in a clean, safe, and sanitary condition. . . . I am satisfied, as well, that there has been a violation of this section.

We have the condition of the property. The last thing you could describe this property [as] is being in a clean and sanitary condition. We have piles of wood. We have an overturned boat. We have a tarp that's torn up and, to a great extent, in shreds. We have numerous other debris. The grass and weeds are quite high in the foreground as showed in [the photos]. And, again, . . . Munson testified as to the condition of the property, and I find her testimony very credible.

Defendant was convicted and sentenced to three days in jail, a $200 fine, and $33 in court costs for the violation related to the vehicle on his property. He was sentenced to three days in jail, a $650 fine, and $33 court costs for the violation related to the exterior condition of his property.

Defendant appealed to the Law Division. After conducting a de novo review of the evidence and according deference to the municipal court judge's credibility findings, the Law Division judge determined the evidence warranted a conviction on both charges. The Law Division judge concluded:

[T]here are certain parameters of arguments that I can listen to and facts that I can consider. One of the things is that I had [the municipal court judge] make some very substantial credibility findings as to . . . Munson, . . . and then also [defendant's] former tenant . . . . And

5

he uses the word credible, credibly, repeatedly to characterize their testimony. He talks about their demeanor; he talks about eye contact; he talks about body movement. So in that context, I have to defer to him.

Now, the problem that I have with [defendant's] presentation was . . . [he] took the stand and said it's not a violation, it's not a violation. The photographs don't seem to support that.

The [photographic] evidence . . . admitted . . . demonstrate[s] a condition that . . . it would be hard . . . to disagree with the [municipal court] [j]udge's findings.

This appeal followed.

I.

We review the Law Division judge's decision to determine whether there is sufficient credible evidence in the record to support it. State v. Johnson, 42 N.J. 146, 162 (1964). Unlike the trial court, which conducts a trial de novo on the record pursuant to Rule 3:23–8(a)(2), we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). Under the two-court rule, only "a very obvious and exceptional showing of error" will support setting aside the Law Division and municipal court's "concurrent findings of facts[.]" Id. at 474. However, when issues on appeal turn on purely legal determinations, our review is plenary. State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011).

6

"We do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." State v. Barone, 147 N.J. 599, 615 (1997). We defer to the trial court's credibility findings. State v. Cerefice, 335 N.J. Super. 374, 383 (App. Div. 2000).

On appeal, defendant argues res judicata mandated dismissal of the complaints because previous complaints against him alleging similar charges were dismissed with prejudice by the municipal court in 2003. Defendant also argues the Township selectively enforced the ordinances against him and the municipal court deprived him of equal protection when it denied him the opportunity to conduct discovery by subpoena.

## II.

At the outset, we note defendant has raised claims similar to those in a prior appeal, which we rejected as without merit. See State v. Urbank, No. A-4221-16, slip op. at 9 (App. Div. Nov. 15, 2018). We conclude defendant's arguments on this appeal also lack merit and add the following comments.

Our Supreme Court has "rejected the theory of res judicata on the ground that a judgment in one criminal proceeding does not bar either the prosecution or the defense of subsequent charges based upon new violations of [an] ordinance, since the causes of action are not the same." Washington Twp. v.

7

Gould, 39 N.J. 527, 536 (1963). "The doctrine . . . is plainly not applicable for . . . an entirely different proceeding involving fresh violations of [an] ordinance." Ibid. (quoting Bd. of Health of Weehawken Twp. v. N.Y. Central R.R. Co., 4 N.J. 293 (1950)).

The claims defendant argues were dismissed in 2003, are entirely separate from defendant's conviction here. For these reasons, the defense of res judicata does not apply.

Finally, in order "[t]o prevail on a claim of selective prosecution, [a] defendant must provide 'clear evidence' to overcome the presumption that the prosecutor has not acted unconstitutionally, given the general deference to which prosecutorial decisions are entitled." State v. Heine, 424 N.J. Super. 48, 66-67 (App. Div. 2012) (alteration in original) (quoting State v. Ball, 381 N.J. Super. 545, 559 (App. Div. 2005)). "[A] defendant must establish a colorable basis for a claim of selective enforcement in order to obtain pretrial discovery[.]" State v. Kennedy, 247 N.J. Super. 21, 25 (App. Div. 1991).

"Two elements must be established to succeed on a claim of unconstitutional enforcement of an ordinance — 'a discriminatory effect and a motivating discriminatory purpose.'" United Prop. Owners Ass'n of Belmar v. Borough of Belmar, 343 N.J. Super. 1, 25 (App. Div. 2001) (quoting Twp. of

Pennsauken v. Schad, 160 N.J. 156, 183 (1999)). A defendant's citations and "anecdotal references to enforcement regarding certain properties falls short of establishing a pattern of discrimination." Id. at 26.

Here, defendant furnished the Law Division judge with a September 2016 letter, which contained a self-created log of other properties he believed were not being "kept to the requirement of township ordinances" that were not issued summonses as evidence of his claim of selective enforcement. However, defendant's letter was precisely the type of "anecdotal reference[]" which does not suffice as adequate evidence of an unconstitutional enforcement of an ordinance to warrant pretrial discovery. United Prop. Owners Ass'n, 343 N.J. Super. at 25-26; Kennedy, 247 N.J. Super. at 25.

For these reasons, the conviction on trial de novo is affirmed, except that we remand to the Law Division judge to enter a judgment to reflect that pursuant to the judge's de novo review, defendant has been found guilty of violating: municipal ordinance § 481-1 of the Toms River Township Administrative Code for failure to remove an unregistered or inoperable vehicle from his property, and § 302.1 of the International Property Maintenance Code, for failure to maintain his exterior property in a safe and sanitary condition. The judgment shall also reflect defendant's sentence for each violation.

9

Affirmed in part and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4089-17T4