787 A.2d 948 (2002)
346 N.J.Super 320
Yvonne MARTIN, Plaintiff-Appellant,
v.
RUTGERS CASUALTY INSURANCE COMPANY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted November 7, 2001.
Decided January 4, 2002.
Begelman & Orlow, attorneys for appellant (Stephen M. Tatonetti, on the brief).
Bruce M. Resnick, Cherry Hill, attorney for respondent (Daniel P. Ring, on the brief).
Before Judges WEFING, LESEMANN and PARRILLO.
The opinion of the court was delivered by WEFING, J.A.D.
The trial court granted defendant's motion for summary judgment, concluding that plaintiff was not entitled to either personal injury protection benefits (PIP) or uninsured motorist's coverage (UM) under a policy of insurance it had issued to Robert Lockhart. Plaintiff has appealed. After carefully reviewing the entire record in light of the contentions advanced on appeal, we affirm.
Plaintiff was involved in a one-car accident at approximately 8:30 a.m. on August 28, 1995. She was driving southbound on Interstate 295 in Mount Laurel when she was cut off by a vehicle which sped off. She applied her brakes to avoid the other car and skidded off the roadway onto the grassy median. The car flipped over several times.
Plaintiff's passengers were her two sons, who were six and seven years old. Plaintiff was divorced from their father, who had custody of the boys. She had picked them up for routine visitation.
At the time of the accident, plaintiff was engaged to Paul Martin. She was living with him in Lindenwold. Neither of them had an automobile; when they needed a car they would borrow one from Mr. Martin's mother and stepfather, Mr. Lockhart. Mr. Lockhart testified in deposition that plaintiff and his stepson would borrow a car once or twice a month to pick up or *949 return her sons. Mr. Lockhart's automobiles were insured through defendant, Rutgers Casualty Insurance Co.
Unbeknownst to Mr. Lockhart, however, plaintiff did not have a valid New Jersey driver's license; indeed, she had not had one for some years. Plaintiff testified in deposition that her New Jersey driver's license was initially suspended in 1989. She admitted it had been suspended five times between 1989 and the accident in 1995. The period of suspension was periodically extended because on several occasions she was ticketed for driving while on the revoked list. Plaintiff had, from the time of the initial suspension, received a number of tickets, including several charges of driving while intoxicated.
After the accident, plaintiff presented a claim for PIP coverage and UM benefits under this Rutgers policy. Rutgers declined coverage and this suit resulted. Before passing to the merits of plaintiff's claim we note in passing that no claim for damages was ever asserted on behalf of the boys who appear to have escaped from the accident entirely unscathed. We also note that the copy of the policy provided to us states that disputes over coverage should be submitted to binding arbitration; neither party apparently invoked that clause at any stage of the proceedings below. Finally, we note that in her deposition plaintiff admitted she had no unreimbursed expenses as a result of the accident.
The UM endorsement to the Lockhart policy excluded coverage for bodily injury sustained by a person "[u]sing a vehicle without a reasonable belief that that person is entitled to do so." The PIP endorsement contained a similar exclusion. Further, the Rutgers policy defined "reasonable belief" in the following manner: "Any person operating the vehicle without a valid license ... shall be conclusively presumed to be operating the insured vehicle without a reasonable belief they are entitled to do so."
Rutgers pointed to these policy provisions and maintained that plaintiff could not have had a reasonable belief she was permitted to drive the Lockhart car. Plaintiff argued the policy provisions were invalid under N.J.S.A. 39:6A-7 and further, that she had a driver's license issued by the State of Texas, where she had resided for approximately one and one-half years.
As to this latter contention, a search of the Texas motor vehicle records has failed to disclose the existence of any license for plaintiff, under either of the names she provided. The record is barren of any evidence that plaintiff had such a license other than her own self-serving assertion to that effect. That is clearly insufficient to create a question of material fact for purposes of a summary judgment motion. Brill v. Guardian Life Ins. Co., 142 N.J. 520, 666 A.2d 146 (1995).
We turn then to the question whether the Rutgers exclusion is invalid under New Jersey law. N.J.S.A. 39:6A-7 sets forth certain limited situations in which an insurer may exclude PIP coverage, including instances in which injuries are sustained by a person "occupying or operating an automobile without the permission of the owner or other named insured." Plaintiff points to dicta contained in our opinion in Rutgers Casualty Ins. Co. v. Ohio Casualty, 299 N.J.Super. 249, 255, 690 A.2d 1074 (App.Div.1997), aff'd. 153 N.J. 205, 707 A.2d 1350 (1998) in which we stated, in another context, "The statute [N.J.S.A. 39:6A-7] countenances no other true exclusions from PIP benefits." Plaintiff contends that Rutgers' use of the term "reasonable belief" and its definition of that term are an unwarranted expansion of the statute's limited exemptions. We are unable to agree.
*950 We note first the very different question that we were addressing in Rutgers v. Ohio. That matter addressed the question of the right of contribution between automobile insurance carriers who had paid PIP benefits. Id. at 251, 690 A.2d 1074. Rutgers had paid such benefits and then sought contribution from other carriers who refused, citing the follow-the-family clauses in their respective policies. Ibid. We decline to transform our brief comment in that case into a holding governing the entirely different factual complex here.
Plaintiff also relies upon St. Paul Ins. Co. v. Rutgers Casualty Ins., 232 N.J.Super. 582, 557 A.2d 1052 (App.Div.1989). In our judgment, that case provides no authority for finding coverage in the present instance. In that case, seventeen-year old Darren Mingo, who had a learner's permit but not a driver's license, borrowed his mother's car and drove it, unaccompanied, on the public roads. While doing so, he struck another vehicle. He then fled the scene. The other driver sued for her injuries but Rutgers, which insured the mother's vehicle, declined coverage. The injured driver recovered under the UM portion of her own policy, issued by St. Paul. St. Paul in turn commenced a subrogation action against Rutgers. While we remanded for a determination whether Mingo's mother had previously permitted him to drive the vehicle in similar circumstances, thus perhaps engendering in him a "reasonable belief" that he had permission to drive, Id. at 589, 557 A.2d 1052, we also noted that an exclusion of benefits for one using the car without a reasonable belief as to entitlement was plain and unambiguous and not against any public policy. Id. at 586, 557 A.2d 1052. While a youth holding a learner's permit, who may have been allowed in the past to drive on the street by himself, could form a "reasonable belief" that he had permission to use the vehicle, an individual who knows that her driver's license has been suspended and remains suspended, could form no "reasonable belief" that she had permission to drive a vehicle.
Plaintiff also cites Rutgers Casualty Ins. Co. v. Collins, 158 N.J. 542, 730 A.2d 833 (1999). In our judgment, that case only supports the summary judgment granted Rutgers below. In that case, Joseph Collins and his wife Rhonda were on their way to a concert and noted their car had bad brakes; they stopped at the home of Joseph's parents but the parents were not home. Joseph went into the house, found the keys to their car and the two left with that car. Rhonda drove initially because Joseph's license had been revoked. On their way home, however, Joseph drove because Rhonda was tired. She was asleep in the rear seat when Joseph had an accident in which she was killed. Her estate presented a claim for damages and Rutgers declined coverage. The Court concluded that Joseph could not have had a reasonable belief under the circumstances that he had permission to drive the car but remanded the matter to the trial court to determine whether Rhonda, who initially drove the car, could have had such a reasonable belief. Id. at 551, 730 A.2d 833. The Court noted that if she did have such a reasonable belief, coverage would attach and would not be affected by her subsequent grant of the keys to Joseph. Ibid.
We also note the very limited question presented to us. We are not confronted with a claim for PIP coverage put forth by an unwitting, injured passenger. Neither are we presented with a claim for liability *951 coverage by an individual injured as a result of a collision with a vehicle driven by plaintiff. Rather, we are asked to conclude that an individual who had to know she was not entitled to drive this automobile is entitled to PIP coverage and UM coverage for injuries she received while driving with complete disregard of her lack of entitlement. We decline to reach such a result.
We can perceive nothing in a ruling that denies coverage to plaintiff that would be contrary to New Jersey's strong public policy of construing insurance policies in favor of coverage. Motor Club of America v. Phillips, 66 N.J. 277, 292-94, 330 A.2d 360 (1974). In our judgment, such a holding is fully consonant with the policies articulated in N.J.S.A. 17:29C-7, which permits an insurer to decline coverage if the named insured or other customary operator has had his driver's license suspended or revoked. It is also in accord with N.J.S.A. 17:33B-13, which defines a person eligible to purchase automobile insurance as excluding one whose driver's license has been suspended or revoked.
After reviewing the record presented in this matter, we fully concur with the result reached by the trial court and affirm the grant of summary judgment to defendant.
Affirmed.