**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4190-17T2

ALICIA ORTIZ,

     Plaintiff-Appellant,

v.

PERSONAL SERVICE
INSURANCE COMPANY,
a Good2Go Auto Insurance
Company,

     Defendant-Respondent.

_____

Argued March 5, 2019 – Decided March 20, 2019

Before Judges Fisher and Hoffman.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2819-17.

Eugene C. Hendrickson argued the cause for appellant (Hendrickson & Edelstein, attorneys; Eugene C. Hendrickson, on the brief).

Jared P. Kingsley argued the cause for respondent (Methfessel & Werbel, attorneys; Jared P. Kingsley, on the brief).

PER CURIAM

Plaintiff Alicia Ortiz commenced this declaratory judgment against defendant Personal Service Insurance Company, which issued an auto insurance policy to Lourdes Naba, plaintiff's daughter, with whom plaintiff claimed she resided in Lakewood. Plaintiff alleged that, on May 2, 2017, she was in an auto accident while operating a vehicle borrowed from the brother of her boyfriend.

Asserting she was a resident of Lourdes's home, plaintiff claimed she was entitled to personal injury protection (PIP) benefits under Lourdes's policy with defendant; plaintiff completed and submitted a PIP application to defendant. Defendant took a recorded statement from plaintiff about the accident; during the course of that statement, plaintiff acknowledged she did not have a valid driver's license at the time of the accident. Defendant declined the request for PIP benefits, advising plaintiff it was "not possible" for her to obtain permission to operate the vehicle because she was "not legally eligible to drive" in this State.

With that, plaintiff commenced this action seeking a declaration that she was eligible for PIP benefits under Lourdes's policy with defendant. After engaging in discovery, defendant successfully moved for summary judgment. Plaintiff appeals, arguing:

> I. PLAINTIFF ALICIA ORTIZ IS ENTITLED TO PIP
> MEDICAL EXPENSE BENEFITS AS A RESIDENT

2

RELATIVE UNDER HER DAUGHTER LOURDES NABA'S POLICY OF INSURANCE WITH DEFENDANT PERSONAL SERVICE INSURANCE COMPANY PURSUANT TO N.J.S.A. 39:6A-4.

II. THE DEFENDANT'S RELIANCE ON UNPUB-LISHED DECISIONS CONCERNING UNINSURED MOTORIST COVERAGE, INSURANCE POLICY LANGUAGE WHICH DOES NOT CONFORM TO THE PIP STATUTE AND ISSUES CONCERNING THE INITIAL PERMISSIVE RULE ARE MISPLACED AND INAPPLICABLE TO THE CASE BEFORE THE COURT.

III. THE DEFENDANT ARGUED THAT THE POLICY WAS VOID AB [I]NITIO FOR THE FAILURE OF PLAINTIFF'S DAUGHTER TO LIST FAMILY MEMBERS RESIDING IN HER HOUSEHOLD.

IV. PLAINTIFF IS ENTITLED TO ATTORNEYS FEES AND COSTS IN A SUCCESSFUL PIP ACTION.

We find insufficient merit in Points I, II and III to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). Because of that determination, there is no basis upon which to consider the relief plaintiff seeks in Point IV. We add only the following brief comments.

The matter was ripe for summary judgment because there was no dispute about any material fact. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). There was no dispute plaintiff was not a licensed driver. And

while there was no dispute that plaintiff resided with Lourdes – defendant's insured – Lourdes never identified plaintiff as a household resident. The motion judge granted summary judgment solely because plaintiff was an unlicensed driver at the time of the accident.

We agree that because plaintiff was not a licensed driver she was excluded from receiving PIP benefits under Lourdes's policy with defendant. N.J.S.A. 39:6A-7(b) permits an insurer to exclude from benefits "any person having incurred injuries . . ., who, at the time of the accident . . . (2) was occupying or operating an automobile without the permission of the owner or other named insured." The motion judge held, and we agree, that a vehicle owner cannot grant permissive user status to an unlicensed driver and, so, that unlicensed driver is not entitled to PIP benefits when operating a vehicle without permission. Ibid. Indeed, plaintiff – knowing she was unlicensed – must also be assumed to know she was not entitled to drive the vehicle and that a vehicle owner could not permit her to drive the vehicle within the meaning of N.J.S.A. 39:6A-7(b). See Martin v. Rutgers Cas. Ins. Co., 346 N.J. Super. 320, 325 (App. Div. 2001).

We affirm the summary judgment on the absence-of-permission ground without reaching the question whether Lourdes's policy should be found void ab

4

initio due to the failure to identify plaintiff as a household member when applying for the policy in question.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION