**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5032-18T1

MICHAEL D. HEFFERNAN,

     Plaintiff-Respondent,

v.

ROBERTA L. STONEHILL,
ESQ. and MARIE CAVALLARO,

     Defendants.

_____

MARIE CAVALLARO,

     Third-Party Plaintiff-Appellant,

v.

BOROUGH OF SEASIDE HEIGHTS,
MAYOR WILLIAM AKERS, in his
official capacity, or his successor or
successors, KENNETH ROBERTS,
in his official capacity as CODE
ENFORCEMENT OFFICER or his Masters
Servants, Employees, and/or Subordinates,
Construction Officer CHARLES LSAKY,
Township Attorney, GEORGE GILMORE,
ESQ., and GILMORE & MONAHAN,

Third-Party Defendants-Respondents.

_____

Submitted August 10, 2020 – Decided August 26, 2020

Before Judges Moynihan and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-3170-15.

Roberta L. Stonehill, attorney for appellant.

Dasti Murphy Mc Guckin Ulaky Koutsouris & Connors, attorneys for respondents Borough of Seaside Heights, Mayor William Akers, Charles Lasky, and Kenneth Roberts (Thomas E. Monahan, of counsel; Patrick F. Barga, on the brief).

PER CURIAM

Defendant and third-party plaintiff Marie Cavallaro appeals from an August 18, 2017 order dismissing her claims against a third-party defendant the attorneys for the Borough of Seaside Heights for a failure to state a claim, and Cavallaro and her attorney defendant Roberta L. Stonehill appeal from the imposition of sanctions under the same order. They also challenge an October 6, 2017 order denying reconsideration. Cavallaro and Stonehill also appeal from a June 7, 2019 order granting the Borough of Seaside Heights, its mayor, code enforcement officer, construction officer, and Borough attorneys (collectively third-party defendants) summary judgment dismissing Cavallaro's Tort Claims

Act (TCA) suit, barring her expert report, enforcing the sanction, and denying Cavallaro and Stonehill's request for recusal and a change of venue. We affirm.

This case arises out of a decades-old grievance between plaintiff Michael Heffernan and Cavallaro who are neighbors. Cavallaro claimed she was disparately treated by the Borough, at the behest of Heffernan, because she was issued notices of violation regarding the dilapidated condition of her home. Eventually, the Borough building official issued a notice to demolish Cavallaro's house because it was "structurally unsound."

Cavallaro claimed her home was never denied a certificate of occupancy, had passed all inspections, and was suitable for renting. She claimed a Borough official trespassed on her property in 1993 and violated her right to quiet enjoyment of her property, and issued "fictitious" code enforcement violations. She claimed the Borough did not protect her from Heffernan. She also asserted the Borough violated her right to free speech when she made complaints to the Borough about the alleged selective treatment and did not address her complaints.

Cavallaro served the Borough with a TCA notice which cited Heffernan's conduct. Heffernan filed a defamation suit against Cavallaro and Stonehill.[1]

---

[1] The suit involving Heffernan was resolved and is not a part of this appeal.

A-5032-18T1

Cavallaro filed a third-party complaint against the Borough, its mayor, building officials, and Borough attorneys alleging: (1) disparate treatment and selective enforcement of Borough building codes; (2) trespass; (3) interference with the right to quiet enjoyment; and (4) legal and civil rights violations, including a claim that Borough attorneys damaged her by providing her TCA notice to Heffernan.

Borough attorneys sent Stonehill a frivolous litigation letter regarding the claims filed against them. The letter pointed out that a TCA notice is a public document subject to the Open Public Records Act (OPRA) and is not confidential. Borough attorneys then filed a motion to dismiss the claims against them with prejudice and to impose sanctions on Cavallaro and Stonehill for frivolous litigation. On August 18, 2017, the first motion judge granted the motion finding no basis for a claim against the Borough attorneys because the TCA notice was a public document and no evidence Borough attorneys intentionally provided it to Heffernan. The judge imposed a $250 frivolous litigation sanction on Stonehill. On October 6, 2017, the judge denied Cavallaro and Stonehill's motion for reconsideration stating they "have not presented any controlling law or overlooked facts to show the [TCA] [n]otice was not a public document open to public access."

A-5032-18T1

Third-party defendants moved for summary judgment dismissal of all remaining claims and to enforce the sanctions against Stonehill. Cavallaro and Stonehill filed a cross-motion seeking the judge's recusal and a venue transfer, and in opposition to the motion for summary judgment, proffered an expert report, which purported to support the claim the Borough violated the TCA.

A second judge heard this matter. Following oral argument, the judge entered the June 7, 2019 order. The judge found the request for recusal moot in light of the transfer of the case to him and denied the venue transfer concluding "[t]here are no facts provided to support the application for a change in venue [because the motion was] . . . based on the perception that there is undue influence on the Ocean County Court."

The judge also granted third-party defendants summary judgment noting Cavallaro had no evidence of disparate treatment because she testified at her deposition that she "did not know what other residents went through . . . [and] could not recall any instances where . . . Heffernan complained to the town and she was written up as a result and it was not valid." The judge concluded "[Cavallaro] presents no competent evidence to support any pled or potential cause of action under any theory for damages against the [third-party defendants]."

A-5032-18T1

The judge also barred Cavallaro's expert report, because it was submitted nearly one year after the close of discovery. He also noted the expert report was submitted by an attorney who opined "'within a reasonable degree of legal certainty, the Borough violated the [TCA].'" However, the judge concluded:

> This is not a legal malpractice cases and [Cavallaro's expert] is not qualified under [N.J.R.E.] 702 to offer legal opinions on whether the moving parties violated state or constitutional law in any event. The opinions are not supported with competent evidence. It is a treasure trove of net opinions. It certainly does not and would not change the outcome of this motion.

I.

On appeal, Cavallaro argues summary judgment was improper because the judge ignored the evidence, cited irrelevant law, improperly relied on the statute of limitations to bar her claims, and barred her nuisance and civil rights claims where there was a dispute in fact. She re-asserts the argument that the Borough targeted her for disparate treatment and the motion to dismiss the Borough attorneys was also improperly granted because the Borough attorneys wrongfully disclosed her TCA notice by transmitting it to the Borough officials and Heffernan, who used it as fodder to sue her. She argues her expert's opinion was improperly barred as a net opinion.

6

We "review the trial court's grant of summary judgment de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). Summary judgment must be granted if the court determines "there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995). "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome [a summary judgment] motion." Puder v. Buechel, 183 N.J. 428, 440-41 (2005) (citing Martin v. Rutgers Cas. Ins. Co., 346 N.J. Super. 320, 323 (App. Div. 2002)). We also apply the de novo standard in reviewing a motion to dismiss pursuant to Rule 4:6-2(e), limiting our inquiry to "examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989).

We apply an abuse of discretion standard relating to decisions affecting the admission of expert evidence. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383 (2010). A judge's decision to exclude expert evidence "will not be upset unless there has been an abuse of that discretion, i.e., there has been a clear error of judgment." State v. Koedatich, 112 N.J. 225, 313 (1988). We likewise review decisions involving motions for reconsideration for an abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996).

The allegations Cavallaro filed in the third-party complaint were: (1) the Borough, through its agents allowed a course of conduct that negatively impacted Cavallaro's quiet enjoyment of her property and violated her civil rights by giving Heffernan her TCA notice; (2) on one or more occasions, agents of the Borough entered Cavallaro's property without authority or permission; (3) the Borough should have been aware of Heffernan's wish to demolish her house and should have protected her from threats and harassment; and (4) the Borough issued multiple violations to Cavallaro, while ignoring similar violations on neighboring properties, which constituted disparate treatment.

We reject Cavallaro's assertion there was a cause of action against third-party defendants on grounds they provided Heffernan confidential information.

A-5032-18T1

There is no evidence in the record that any party associated with the Borough actually communicated or provided the TCA notice to Heffernan. Moreover, as the first motion judge found, the TCA notice "is not a confidential or otherwise protected document for which the revelation can be prosecuted or punished. In fact, a [TCA notice] is a public document subject to [OPRA]." For these reasons, dismissal of this claim pursuant to Rule 4:6-2(e) was properly granted.

We also reject Cavallaro's argument summary judgment was improperly granted because her "[c]ertified [i]nterrogatory [d]iscovery [a]nswers" show that there was more than twenty years of misconduct and an "unlawful conspiracy" between the Borough and Heffernan to declare Cavallaro's home an unsafe structure, trespass on her property, and issue "fictitious [building] violations." Our review of the record discloses no objective evidence supporting these self-serving assertions. Moreover, as the second motion judge noted, Cavallaro's claim of a Borough agent's illegal trespass related to an incident more than twenty years old which the statute of limitations clearly barred. See N.J.S.A. 2A:14-1 ("Every action at law for trespass to real property . . . shall be commenced within six years next after the cause of any such action shall have accrued.").

A-5032-18T1

The judge barred the expert report submitted on behalf of Cavallaro, which opined the Borough violated the TCA, explaining the discovery end date was May 31, 2018, Cavallaro served her report on April 26, 2019, and therefore the report was time-barred. The judge also found that because the matter was not a legal malpractice case, Cavallaro's expert was not qualified to opine as expert pursuant to N.J.R.E. 702. Because we discern no abuse of discretion by finding the report was time-barred, we do not reach Cavallaro's net opinion argument.

Because third-party defendants were entitled to summary judgment and dismissal of Cavallaro's claims, the motion judge did not abuse his discretion by denying reconsideration.

II.

Cavallaro repeats the argument that she cannot receive a fair adjudication in Ocean County and that recusal was required because the first motion judge had a conversation with the Borough attorney in the courtroom following a settlement conference and again in chambers. She argues the second motion judge committed misconduct when he dismissed the claim against the Borough attorneys and sanctioned Stonehill. She asserts this required the court to grant her venue transfer request. We disagree.

Decisions relating to a change in venue "will not be disturbed on appeal except upon a showing of an abuse of discretion." State v. Harris, 282 N.J. Super. 409, 413 (1995) (citing State v. Marshall, 123 N.J. 1, 76 (1991)). In order to change venue a party must demonstrate by clear and convincing evidence that a fair and impartial trial cannot be had in the original venue. State v. Koedatich, 112 N.J. 225, 267 (1988).

Whether a judge should disqualify himself or herself is a matter within the sound discretion of the judge. Jadlowski v. Owens-Corning, 283 N.J. Super. 199, 221 (App. Div. 1995). A judge cannot be considered partial or biased merely because of rulings that are unfavorable toward the party seeking recusal. State v. Marshall, 148 N.J. 89, 186-87 (1997).

The record lacks any evidence of improper conduct to warrant recusal or a transfer of venue. The allegations of misconduct are bald claims lacking in detail or support by objective evidence to meet the burden of demonstrating by clear and convincing evidence that Cavallaro's case would not receive a fair and impartial hearing. Cavallaro's claims lack merit. R. 2:11-3(e)(1)(E).

A-5032-18T1

III.

Cavallaro and Stonehill challenge the monetary sanction imposed for frivolous litigation when they sought to join the Borough attorneys in the underlying claims against the Borough and its officials. They argue the monetary sanctions against Stonehill lacked proper findings.

Rule 1:4-8(a) states:

> The signature of an attorney or pro se party constitutes a certificate that the signatory has read the pleading, written motion or other paper. By signing, filing or advocating a pleading, written motion, or other paper, an attorney or pro se party certifies that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) the paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the factual allegations have evidentiary support or, as to specifically identified allegations, they are either likely to have evidentiary support or they will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support; and

(4) the denials of factual allegations are warranted on the evidence or, as to specifically identified denials, they are reasonably based on a lack of information or belief or they will be withdrawn or corrected if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support.

If the pleading, written motion or other paper is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the document had not been served. Any adverse party may also seek sanctions in accordance with the provisions of paragraph (b) of this rule.

"A court may impose sanctions upon an attorney if the attorney files a paper that does not conform to the requirements of Rule 1:4-8(a), and fails to withdraw the paper within twenty-eight days of service of a demand for its withdrawal." United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009); see also N.J.S.A. 2A:15-59. A pleading may be deemed frivolous when "no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable." Ibid. (internal quotations omitted). Joinder of a party known to face no liability may also violate the rule against frivolous litigation. Hreshko v. Harleysville Ins. Co., 337 N.J. Super. 104, 110-11 (App. Div. 2001).

We apply an abuse of discretion standard in our review of sanctions under Rule 1:4-8. United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 390 (App.

Div. 2009). An "abuse of discretion is demonstrated if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error of judgment." Ibid. (citations omitted).

Although third-party defendants moved to have the judge sanction Cavallaro and Stonehill by imposing upon them "all reasonable attorney's fees and costs incurred," the motion judge imposed a $250 sanction on Stonehill. The judge found the Borough attorneys complied with Rule 1:4-8 by serving notice on Cavallaro and Stonehill seeking withdrawal of the third-party complaint because it did not contain "a valid claim upon which . . . Cavallaro could prevail." However, the third-party complaint was not withdrawn. The judge concluded

> the [t]hird-[p]arty [c]omplaint was filed and maintained in violation of [Rule] 1:4-8(a)(2) and (3), as the claims and legal contentions contained within were not warranted by existing law or by a non-frivolous argument and the factual allegations do not have evidentiary support. Neither . . . Cavallaro nor . . . Stonehill put forth contentions to rebut [the Borough attorneys'] clear arguments.

In the October 6, 2017 order denying reconsideration, the judge reiterated his findings that "the claims against [the Borough attorneys were] without merit."

We have no reason to disturb the sanction.  The claims against the Borough attorneys were indeed frivolous and should have been withdrawn.  Nothing has been presented to us on this appeal to convince us otherwise.  For these reasons, neither the imposition of the sanction, nor the denial of reconsideration constituted an abuse of discretion.

IV.

Finally, to the extent we have not addressed arguments Cavallaro and Stonehill raised on this appeal, it is because they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5032-18T1