**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1284-20

MICHELE BASS,

     Plaintiff-Appellant,

v.

HOUSE OF PRAYER COGIC
OF ORANGE,

     Defendant-Respondent.

_____

          Submitted December 14, 2021 – Decided December 29, 2021

          Before Judges Rothstadt and Mayer.

          On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-2427-19.

          Advokat & Rosenberg, attorneys for appellant (Jeffrey M. Advokat, on the brief).

          Robert Fodera, attorney for respondent.

PER CURIAM

     Plaintiff Michele Bass appeals from a January 8, 2021 order granting summary judgment to defendant House of Prayer, Church of God in Christ of

Orange, New Jersey (defendant or Church)[1] under the Charitable Immunity Act (CIA or Act), N.J.S.A. 2A:53-7 to -11, and dismissing her complaint with prejudice. We affirm.

Defendant is organized under Internal Revenue Code 501(c)(3) for religious, charitable, or educational purposes and is registered as a domestic nonprofit corporation under the New Jersey Nonprofit Corporation Act, N.J.S.A. 15A:9-4. Plaintiff does not contest the Church's qualification as a charitable organization under the CIA. Rather, she argues defendant engaged in grossly negligent conduct precluding immunity under the Act.

We summarize the facts. On February 9, 2019, plaintiff fell and suffered injury while descending an exterior staircase located in the rear of the Church building. Plaintiff, while not a Church member, was lawfully on Church property to attend a meeting with women from various churches in the geographic area. Plaintiff attended five or six such meetings at the Church prior to the incident. During prior visits to the Church, plaintiff always entered and exited the building through the front door. However, on the day of the incident, plaintiff used the rear door because she parked her car behind the Church.

---

[1] Improperly pleaded as House of Prayer Cogic of Orange.

A-1284-20

According to plaintiff, those attending the meeting did not receive any instructions regarding where or how to enter and exit the Church.

Plaintiff claimed she fell due to a negligent condition of the stairs, including dangerous cracks in the stair's landing. During her deposition, plaintiff reviewed a photograph of the stairs and was asked to point out the crack that caused her to fall. Plaintiff could not do so, explaining she never saw any cracks and "didn't have time to look" since she "was too busy falling." Plaintiff claimed "if [she] had seen the crack[,] [she] would have never t[aken] the step down." According to her deposition testimony, plaintiff knew the crack existed because she "felt it . . . and then . . . stumbled immediately after that." However, plaintiff could not "identify the portion of the top staircase that may have caused [her] to stumble."

Plaintiff's friend witnessed the incident. The friend noticed plaintiff at the top stair landing and observed plaintiff fall as she descended the first or second step. Plaintiff's friend testified at deposition that the steps were "all cracked up." However, the friend could not identify the cause of plaintiff's fall and did not see plaintiff step on a crack.

Defendant deposed Two Church trustees. According to one trustee, "[t]here was nothing wrong with the steps" and no one previously reported any

A-1284-20

injury using the stairs. The other trustee testified she did not see any cracks or damage on the stairs on the day of plaintiff's fall. Both trustees testified the Church had no knowledge or notice of any alleged dangerous condition regarding the stairs. Neither trustee knew of any prior complaints concerning the stairs.

Immediately following the fall, one of the Church trustees rendered aid to plaintiff. While assisting plaintiff, the trustee asked plaintiff what happened. Plaintiff "said her hand slipped off the railing and she fell [to] the bottom of the steps."

In November 2018, plaintiff filed suit against the Church. Near the end of the discovery period, the Church moved for summary judgment based on the CIA. Plaintiff opposed the motion, arguing the CIA did not apply because the Church was grossly negligent. She also asserted the issue of gross negligence presented a jury question. Additionally, plaintiff claimed the Church had notice of the dangerous condition of the stairs.

In a January 8, 2020 order, Judge Noah Franzblau granted summary judgment in favor of the Church, finding plaintiff failed to present any evidence of gross negligence. In a six-page written statement of reasons, the judge concluded plaintiff offered nothing more than her own unsubstantiated

allegations of a dangerous condition causing her to fall and the evidence presented failed to overcome the immunity accorded to the Church under N.J.S.A. 2A:53A-7(c). Further, the judge found no evidence anyone complained about the condition of the staircase prior to plaintiff's fall. Similarly, the judge determined plaintiff proffered no evidence the Church had notice of the purported dangerous condition of the stairs.[2]

On appeal, plaintiff argues the judge erred in granting the Church's motion for summary judgment. Plaintiff contends the Church was grossly negligent and therefore not entitled to immunity under the CIA. She also claims there were genuine issues of material fact precluding the entry of summary judgment. We disagree and affirm for the reasons stated in Judge Franzblau's well-supported written decision. We add only the following comments.

The CIA does not accord blanket immunity to a charitable organization. Under N.J.S.A. 2A:53A-7(c), a person injured "by a willful, wanton or grossly negligent act of commission or omission" is not precluded from filing suit under the CIA. The term "gross negligence" is not defined, but it "is commonly

---

[2] Both parties retained engineering experts and submitted the expert reports as part of the summary judgment record. The judge concluded the expert reports had no bearing on whether the Church had notice of any dangerous condition or that the Church's conduct was grossly negligent.

associated with egregious conduct . . . and is used to describe 'the upper reaches of negligent conduct.'" <u>Kain v. Gloucester City</u>, 436 N.J. Super. 466, 482 (App. Div. 2014) (quoting <u>Parks v. Pep Boys</u>, 282 N.J. Super. 1, 17 n.6 (App. Div. 1995)); <u>see also</u> <u>Steinberg v. Sahara Sam's Oasis, LLC</u>, 226 N.J. 344, 364 (2016) (citing to the Model Jury Charge (Civil) § 5.12 "Gross Negligence" (2009) that "gross negligence is something more than 'inattention' or 'mistaken judgment,' it does not require willful or wanton misconduct or recklessness"). A plaintiff may not "circumvent or avoid the protection given by the Act merely by making unspecified allegations of gross negligence" lest the CIA be rendered "so ineffective as to be virtually meaningless." <u>Monaghan v. Holy Trinity Church</u>, 275 N.J. Super. 594, 604 (App. Div. 1994).

The parties agreed the Church was a charitable entity and plaintiff was a beneficiary of the Church's work. Thus, the judge focused his analysis on whether the Church acted with gross negligence to preclude immunity under the CIA.

Here, plaintiff provided no evidence the Church's actions constituted gross negligence. In fact, plaintiff could not articulate the precise cause of her fall. She indicated her hand slipped from the handrail. Later, plaintiff claimed she fell due to a crack in the staircase but could not identify the crack that caused

her fall. Plaintiff did not provide any evidence of complaints or injuries related to the Church's staircase prior to her fall. Similarly, plaintiff failed to proffer any support for her claim that the Church had notice of a defective condition associated with the staircase.

A motion for summary judgment will not be defeated by bare conclusions lacking factual support. Petersen v. Twp. of Raritan, 418 N.J. Super. 125, 132 (App. Div. 2011). A plaintiff's self-serving assertion does not create a question of material fact sufficient to defeat a motion for summary judgment. Martin v. Rutgers Cas. Ins. Co., 346 N.J. Super. 320, 323 (App. Div. 2002). Competent evidence requires evidence "beyond mere 'speculation' and 'fanciful arguments.'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (citation omitted) (quoting Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009)). Under Rule 4:46-2(c), a plaintiff must do more than raise mere speculation and conjecture in opposing summary judgment. We are satisfied plaintiff failed to proffer evidence of gross negligence, aside from her own unsupported conclusions, to defeat the Church's motion for summary judgment.

Having reviewed the record, plaintiff failed to present any evidence the Church's conduct constituted gross negligence to overcome the immunity

A-1284-20

afforded under the CIA.  Thus, Judge Franzblau properly dismissed plaintiff's complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1284-20